J-S10035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAVIER RAMOS | : | |
| | : | |
| Appellant | : | No. 1482 EDA 2017 |

Appeal from the PCRA Order March 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013049-2014

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 22, 2018**

Appellant Javier Ramos appeals *pro se* from the order dismissing his first timely Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant contends that his plea counsel was ineffective for failing to protect him from entering an unconstitutional guilty plea and that his sentence was entered without proper statutory authorization.  We are constrained to quash.

On August 17, 2015, Appellant, who was represented by counsel, entered a negotiated guilty plea to charges of third-degree murder, aggravated assault, and possession with intent to deliver a controlled substance listed in three separate cases.[2]  That same day, the trial court

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's *pro se* notice of appeal in this case listed only the above-captioned trial court docket number, which relates to the case in which he pled

accepted the plea and imposed the agreed-upon aggregate sentence of twenty to fifty years' imprisonment, which included a fifteen to forty year sentence for third-degree murder and a consecutive five to ten year sentence for one count of aggravated assault. Appellant did not file post-sentence motions and did not take a direct appeal.

On May 4, 2016, Appellant filed a first timely *pro se* PCRA petition. The PCRA court appointed counsel, who entered an appearance on October 21, 2016, and subsequently filed a no-merit letter and petition to withdraw from representation on January 21, 2017. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant did not respond to PCRA counsel's *Turner*/*Finley* letter.

On February 13, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. Appellant filed a *pro se* response asserting that he raised a meritorious discretionary sentencing issue. Resp. to Pa.R.Crim.P. 907, 2/24/17.

On March 16, 2017, the PCRA court entered a comprehensive opinion and order that denied Appellant's petition without a hearing and granted PCRA

---

guilty to one count of third-degree murder, 18 Pa.C.S. § 2502(c), two counts of aggravated assault, 18 Pa.C.S. § 2702(a), and one violation of the Uniform Firearms Act, 18 Pa.C.S. § 6106(a)(1).

counsel leave to withdraw.[3]  Appellant filed a *pro se* notice of appeal that was dated April 25, 2017, forty days after the entry of the PCRA court's order denying his PCRA petition.  Appellant attached to his notice of appeal a cover letter requesting that the court accept the notice of appeal *nunc pro tunc*.  The PCRA court did not respond to Appellant's cover letter and did not order the filing of a Pa.R.A.P. 1925(b) statement.

On June 22, 2017, this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely.  Appellant filed a *pro se* response claiming that he was placed in a restricted housing unit (RHU) at SCI-Rockview from March 31, 2017, to April 12, 2017.  He alleged that he did not receive a copy of the March 16, 2017 order dismissing his petition until April 12, 2017, twenty-seven days after the entry of the order.  Appellant thus claimed that the time for appeal should have started running when he received the order on April 12, 2017, and that his April 25, 2017 notice of appeal should be deemed timely.  This Court discharged the rule to show cause and referred consideration of Appellant's response to this panel.

Before considering the issues raised by Appellant, we must consider whether Appellant's notice of appeal was timely filed.[4]  ***See Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).  Because the timeliness of

---

[3] The PCRA court's order and opinion advised Appellant of the need to file an appeal within thirty days of the date of the order and was served on Appellant by certified mail.

[4] The Commonwealth, in its brief, suggests that we quash this appeal.

an appeal goes to our jurisdiction, we may consider it *sua sponte*. **Id.** The standard of review is *de novo*, and the scope of review is plenary. **Commonwealth v. Williams**, 106 A.3d 583, 586 (Pa. 2014).

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace."

**Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (plurality) (some citations omitted). "Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal." **Burks**, 102 A.3d at 500 (citation omitted); **see also** Pa.R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal[.]")

Pennsylvania Rule of Appellate Procedure 108 provides that an order is deemed "entered" on the date "the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a). Pennsylvania Rule of Criminal Procedure 907(4) provides that an order dismissing a PCRA petition without a hearing must be filed and served as provided pursuant to Pa.R.Crim.P. 114 and requires the PCRA court to "advise the defendant by certified mail, return receipt requested." Pa.R.Crim.P. 907(4). The date of the petitioner's actual receipt of the order

is generally not relevant to the running of the time for appeal. ***See Gaines***, 127 A.3d at 18 n.8.[5]

There is no dispute that the instant order dismissing Appellant's petition was entered on March 16, 2017, and that the time for appeal ended on Monday, April 17, 2017. ***See*** Pa.R.A.P. 108(a), 903(a); ***see also*** 1 Pa.C.S. § 1908. Therefore, we proceed to consider whether Appellant has stated a sufficient excuse for the late filing of his appeal on April 25, 2017. ***See generally Commonwealth v. Cooper***, 710 A.2d 76, 79 (Pa. Super. 1998) (noting, in relevant part, that if "the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand").

In his response to this Court's rule to show cause, Appellant asserts that he did not receive a copy of the PCRA court's final order until April 12, 2017. Appellant avers that the prison system received the court's order by mail on March 21, 2017, but that his mail was processed at SCI-Benner because SCI-Rockview did not have its own mailroom. Resp. to Order to Show Cause, 6/29/17, ¶ 8. Appellant contends that when the order was received at SCI-Benner, Appellant was in the "C/A Unit" at SCI-Rockview, and the mailroom would have listed his address in the C/A Unit. ***Id.*** Thus, Appellant suggests that the order must have been unsuccessfully delivered to the C/A Unit after

---

[5] The lead opinion in ***Gaines***, which was authored by then-Judge, now-Justice, Sallie Mundy, did not command a majority of the *en banc* panel. However, five judges agreed that the date of the actual receipt of a final order was not relevant to the determination of the time to take an appeal. ***See Gaines***, 127 A.3d at 18 n.8 (Mundy, J., with Panella and Lazarus, JJ. joining); ***id.*** at 20 (Donohue, J. concurring, with Stabile, J. joining).

his transfer to the RHU on March 31, 2017, was returned to the mailroom at SCI-Benner, and then was redelivered to the RHU shortly before or at the time he was returned to the C/A Unit on April 12, 2017. *See id.* ¶¶ 8-10. Appellant avers that a RHU officer handed him the order on April 12, 2012. *Id.* ¶ 10.

Appellant's own allegations, however, cast doubt on his assertions regarding the purported breakdown in the prison's mailing operations. Appellant, for example, indicates that he wrote a law firm to retain private counsel. *Id.* ¶ 3. The law firm, which declined representation, responded in a letter dated April 5, 2017. *Id.* ¶ 4. According to Appellant, that letter was postmarked April 6, 2017, and reached him in the RHU on April 10, 2017, four days after it was mailed. *Id.* ¶ 4.

Therefore, it appears implausible that the PCRA court's order, allegedly received by the prison system on March 21, 2017, would not have reached Appellant in the C/A Unit before his transfer to the RHU ten days later. Even assuming that Appellant did not receive the PCRA court's order while in the C/A Unit, it further strains credulity to believe that the delivery and redelivery process would have taken such additional time that the order would not have been received around the same time as the law firm's April 5, 2017 letter.

Additionally, Appellant provides no explanation regarding his failure to act more diligently in protecting his appellate rights. Appellant conceded that he received the law firm's letter no later than April 10, 2017, and that the letter informed him that the PCRA court dismissed his petition on March 16, 2017. Appellant alleged that he then received the order on April 12, 2017,

five days before the appeal period expired. However, Appellant took no actions to protect his right to appeal, until he filed a notice of appeal thirteen days later on April 25, 2017.

In light of the foregoing, we cannot conclude that Appellant has established extraordinary circumstances excusing the late filing of a notice of appeal. **See Burks**, 102 A.3d at 500. Therefore, Appellant has failed to establish that this Court has jurisdiction.[6]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18

---

[6] In any event, we note that Appellant, in his *pro se* brief, raises arguments that were not preserved in his PCRA petition, his supplemental PCRA petition, or his response to the PCRA court's Rule 907 notice. New theories raised for the first time on appeal are waived. **See** Pa.R.A.P. 302(a); **Commonwealth v. Paddy**, 15 A.3d 431, 446 (Pa. 2011); **Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super.), *appeal denied*, 161 A.3d 796 (Pa. 2016). Therefore, there would be no issues properly preserved for review.